UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT L. HUDSON,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-08296-HSG<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 13, 14, 35 |

Pending before the Court are Defendants' motion to dismiss and motion to strike. *See* Dkt. Nos. 13, 14, 35. The Court held a hearing on April 28, 2022. *See* Dkt. No. 44. For the reasons detailed below, the Court **GRANTS** the motions to dismiss and **DENIES** the motion to strike.

**I. BACKGROUND**

*Pro se* Plaintiff Kurt L. Hudson brings this putative class action against Defendants Wells Fargo Bank, N.A. (the "Bank") and Wells Fargo & Company (the "Holding Company"). *See* Dkt. No. 1 ("Compl.").

According to the complaint, Plaintiff, an Illinois resident, obtained a mortgage loan from the Bank in 2005 for a second home in Florida. Compl. ¶ 63. Due to various hardships brought on by the 2008 recession, Plaintiff defaulted on his monthly mortgage payments. *Id.* at ¶¶ 66–76. Plaintiff applied to the Bank for a loan modification under the Home Affordable Modification Program ("HAMP") and the National Mortgage Settlement ("NMS"), which Congress passed to keep people struggling to pay their mortgage in their homes. *Id.* at ¶¶ 2, 68. The Bank denied the modification application. *Id.* Plaintiff alleges that the Bank failed to fulfill its fiduciary duties because it did not disclose errors in its loan medication software. *Id.* at ¶¶ 172, 175. Plaintiff suggests that these errors led to the wrongful denial of his HAMP modification and foreclosure on

1   his property in 2015.  *See id.* at ¶ 178.

2   In its reply brief, the Bank acknowledges that it publicly disclosed the errors in its loan
3   modification software, which ultimately resulted in denials for certain borrowers.  Dkt. No. 13 at
4   2.  The Bank voluntarily initiated a remediation program and sent letters, some including checks,
5   and offered mediation to impacted borrowers.  *Id.*  However, Plaintiff admits he was not among
6   those who the Bank contacted to participate in the remediation program.  Compl. ¶ 11.
7   Nevertheless, Plaintiff alleges that the Bank denied his loan modification due to its faulty software
8   program.  *Id.* at ¶¶ 25, 50.

9   Based on these facts, Plaintiff brings nine causes of action, on behalf of himself and a
10  putative class, against the Bank and the Holding Company: (1) "Negligent and Gross Negligence
11  Breach of Contract," (2) "Violation Of California's Unfair Competition Law," (3) "Violation Of
12  Florida's Deceptive And Unfair Trade Practices Act," (4) "Violation Of Florida's Unauthorized
13  Practice of Law Statute," (5) "Breach of Fiduciary Duty," (6) "Fraudulent Concealment,"
14  (7) "Fraud On The Florida State And Appellate Courts," (8) "Concealment Fraud And The
15  California and Iowa Federal Courts," and (9) "Revival of Plaintiff's and SubClass Members' Rico
16  Complaint."  *See generally id.*  Plaintiff contends that he and other putative class members
17  suffered injury, damage, and loss, and seeks punitive damages and reasonable attorneys' fees and
18  costs.  *See id.* at ¶ 320.  Defendants now move to dismiss Plaintiff's complaint.  *See* Dkt. Nos. 13,
19  14.  Defendants also move to strike the excess pages of Plaintiff's overlong opposition brief.  *See*
20  Dkt. No. 35.

21  **II.    LEGAL STANDARD**

22  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state
23  a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
24  (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court
25  to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*
26  *v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the plausibility of a complaint, courts "accept
27  factual allegations in the complaint as true and construe the pleadings in the light most favorable
28  to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th

Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

### III.     DISCUSSION

#### A.     Class Allegations

Plaintiff claims to represent a class of approximately 1,152,000 members as part of his lawsuit. *See* Compl. ¶ 12. However, the Bank correctly points out that "*pro se* plaintiffs cannot serve as putative class representatives." *See* Dkt. No. 13 at 1; *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding that pro se litigant may not appear as an attorney for others); *see also Horn v. Foulk*, 2008 WL 4457683, at *2 (N.D. Cal. Sept. 29, 2008) (dismissing putative class action because "[p]ro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class").

The Court notes that Plaintiff has expressed his intentions to obtain counsel. *See* Dkt. No. 28 ("Opp.") at 32. In his opposition brief, he said that he anticipated finding counsel by February 2022. *Id.* As of the date of this order, however, Plaintiff still is not represented by counsel. Because Plaintiff may only bring this case on behalf of himself, the Court **GRANTS** the motion to dismiss claims brought on behalf of a putative class, without prejudice to the reassertion of those claims if Plaintiff retains counsel.

//

### B. Wells Fargo Bank

As a threshold matter, the Bank asserts that the Court lacks personal jurisdiction over it. *See* Dkt. No. 13 at 4–6. A plaintiff may invoke either general or specific personal jurisdiction. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). "[G]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State." *Daimler AG v. Bauman*, 571 U.S. 117, 133, n.11 (2014) (quotations omitted). Specific jurisdiction, on the other hand, exists if: (1) the defendant has performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business in California; (2) the plaintiff's claims arise out of or result from the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475–76 (1985)).

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). Although the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit," *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (quotation omitted), the court must resolve conflicts between the facts contained in the parties' affidavits in plaintiff's favor. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). When the Court does not conduct an evidentiary hearing, the plaintiff need only make a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001).

Here, Plaintiff acknowledges that the Bank is headquartered in South Dakota. *See* Compl. ¶ 29. He also appears to recognize that the alleged conduct at issue in this case occurred outside of California: Plaintiff is an Illinois resident, his house is located in Florida, the Bank's mortgage servicing business is located in Iowa, and the Bank's computer servers are located in Florida. *See id.* at ¶¶ 16, 63, 111. Plaintiff nevertheless asserts that the Court has personal jurisdiction over the

Bank because Defendants "conduct substantial business" in California. *See* Opp. at 33–34. Aside from this conclusory sentence, however, Plaintiff offers no factual allegations to support this contention. Plaintiff simply notes that "[t]he Bank has serviced hundreds of mortgages for properties located in California." *See id.* at 34. Even if true, Plaintiff does not explain how such conduct somehow renders the Bank at home in California for purposes of general jurisdiction. And to the extent that Plaintiff suggests such contacts may suffice for specific jurisdiction, this is not a putative class action. Plaintiff's claims in this case do not arise out of the Bank's mortgage services for any California properties. Rather, Plaintiff is an Illinois resident raising claims concerning a mortgage on a Florida property. *See* Compl. ¶¶ 16, 63–80.

The Court finds that Plaintiff has not presented sufficient information to show that the Court has personal jurisdiction over the Bank, and **GRANTS** the motion to dismiss on this basis.

### C. Holding Company

Unlike the Bank, the Holding Company's principal place of business is California. *See* Compl. ¶ 17. However, the Holding Company argues that Plaintiff has failed to allege that it is responsible for any of the alleged conduct in this case. *See* Dkt. No. 14 at 1. Critically, Plaintiff alleges that the Bank—not the Holding Company—serviced his mortgage. *See* Compl. at ¶¶ 29, 63. Plaintiff confirmed these allegations in his opposition brief, stating that "Wells Fargo *Bank* foreclosed on the Plaintiff's first mortgage . . . ." *See* Opp. at 36 (emphasis added). However, throughout the complaint Plaintiff generally treats the Holding Company and the Bank as the same entity, referring to them collectively as "Wells Fargo." *See, e.g.*, *id.* at ¶ 29. Plaintiff notes that the Bank is a subsidiary of the Holding Company, and appears to suggest that as the parent company, the Holding Company should also be held responsible. *See* Opp. at ¶ 1; *see also* Compl. at ¶¶ 29, 63.

A parent company is not automatically liable for the acts of its subsidiaries. *See U.S. v. Bestfoods*, 524 U.S. 51, 68–69 (1998) (noting that "corporate personalities" generally "remain distinct"); *see also Toho–Towa Co. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1107 (Cal. Ct. App. 2013) ("Corporate entities are presumed to have a separate existence, and the corporate form will be disregarded only when the ends of justice require this result."). As the

Ninth Circuit has cautioned, "[t]he mere fact of sole ownership and control does not eviscerate the separate corporate identity that is the foundation of corporate law." *Katzir's Floor & Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149 (9th Cir. 2004). Indeed, "[e]ven if the [parent company] is entitled to all of the corporation's profits, and dominated and controlled the corporation, that fact is insufficient by itself to make the [parent] personally liable." *Id.*

California law only recognizes "alter ego" liability to hold a parent company responsible for its subsidiaries in discrete circumstances. *See In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (citing *Wood v. Elling Corp.*, 20 Cal. 3d 353, 365, n.9 (Cal. 1977)). *First*, there must be "'such a unity of interest and ownership that the individuality, or separateness, of the said . . . corporation has ceased.'" *Id.* (quoting *Wood*, 20 Cal. 3d at 365, n.9). *Second*, "'adherence to the fiction of the separate existence of the corporation [must] sanction a fraud or promote injustice.'" *Id.* Unity of interest and ownership is a fact-intensive analysis that requires the Court to:

> consider numerous factors, including inadequate capitalization, commingling of funds and other assets of the two entities, the holding out by one entity that it is liable for the debts of the other, identical equitable ownership in the two entities, use of the same offices and employees, use of one as a mere conduit for the affairs of the other, disregard of corporate formalities, lack of segregation of corporate records, and identical directors and officers.

*See Virtualmagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal. App. 4th 228, 245 (Cal. Ct. App. 2002).

Plaintiff has failed to provide sufficient factual support for his contention that the Holding Company should be held liable for the Bank's alleged conduct. Plaintiff alleges that the Holding Company "exercises control over the Bank's management team and has the authority to hire and fire the Bank's managers, set company policies and establish the Bank's business strategy." *See* Compl. at ¶¶ 29, 244–45. This is not, on its own, sufficient to establish alter ego liability.

Perhaps recognizing the difficulty of establishing alter ego liability, Plaintiff suggests in his opposition brief that the Holding Company also participated in the wrongdoing. *See* Opp. at 1. But Plaintiff does not explain in the complaint what misconduct the Holding Company allegedly engaged in. *See generally* Compl. Because Plaintiff has not sufficiently alleged that the Holding

6

1  Company is liable for the Bank's misconduct or that it engaged in any misconduct itself, the Court
2  **GRANTS** the motion to dismiss on this basis.

### D. Motion to Strike

In a separate motion, Defendants also ask the Court to strike the excess pages of Plaintiff's opposition to the motions to dismiss. *See* Dkt. No. 35. Plaintiff's brief is 44 pages long. *See* Opp. Plaintiff responds that he went over the page limit inadvertently, due to vision problems. *See* Dkt. No. 38 at 2. While Plaintiff clearly exceeded the page limit in violation of the local rules, the Court in its discretion **DENIES** Defendants' motion to strike. The Court cautions Plaintiff that notwithstanding his *pro se* status, he will be expected to comply with all applicable federal rules, civil local rules, and standing orders in future.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** the motions to dismiss and **DENIES** the motion to strike. Despite the deficiencies the Court identified above, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[A] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotations omitted). Therefore, Plaintiff shall file any amended complaint by no later than August 12, 2022. Failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further leave to amend. In addition, Plaintiff's amended complaint will be dismissed if he does not correct the deficiencies the Court has identified in this order.

//
//
//
//
//

The Court notes that the Legal Help Center at both the San Francisco and Oakland Federal Courthouses provides free information and limited-scope legal advice to pro se litigants in civil cases. Services are provided by appointment only. An appointment may be scheduled by calling (415) 782-8982 or emailing FedPro@sfbar.org.

**IT IS SO ORDERED.**

Dated: 7/13/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge